IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2008

Charles R. Fulbruge III
Clerk

No. 08-50177
Summary Calendar

NICKOLAS ANTONIOUS MELLS

Plaintiff-Appellant

v.

CIVIGENICS INC; FEDERAL BUREAU OF PRISONS; REGIONAL DIRECTOR
RONALD THOMPSON; WARDEN MICKEY HUBERT; SERGEANT FNU LEE

Defendants-Appellees

Appeal from the United States District Court
for Western the District of Texas
USDC No. 6:07-CV-192

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Nickolas Antonious Mells, federal prisoner # 82279-080, moves this court for leave to proceed in forma pauperis (IFP) in this appeal from the district court's granting of the "Civigenics Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim, or, Alternatively, Motion for Summary Judgment" and the dismissal of his civil rights suit against those defendants for failure to state a claim. The district court denied Mells's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

request to proceed IFP on appeal, certifying that the appeal was not taken in good faith. Mells's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1992).

The district court found that Mells had failed to exhaust his administrative remedies with respect to his claims that he was denied his right to exercise his religion and that he was denied access to a law library. The district court also found that Mells was not entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in his complaint and that no rational trier of fact could find for Mells.

Mells argues that the district court erred in finding that he failed to exhaust his administrative remedies. He also argues that the district court erred in dismissing his lawsuit for failure to state a claim upon which relief could be granted because he did raise a valid free exercise of religion claim. Because he does not address his claim that he was denied access to a law library, that claim has been abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Because Mells did not correctly complete both steps of the prison grievance process with respect to his claim that he was denied his right to exercise his religion, he did not exhaust his administrative remedies. See Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006). Accordingly, Mells has not shown that he will present a nonfrivolous issue on appeal. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). His motion for leave for IFP is denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

Our dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Mells is warned that if he accumulates three strikes, he will be barred from proceeding IFP pursuant to §1915(g) while he is incarcerated or detained

in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.